No. 250.—SUCCESSION OF E. H. DICKSON *v.* SUCCESSION OF D. F. DICKSON.

| 23 | 583 |
|-----|-----|
| 106 | 505 |

| 23 | 583 |
|-----|-----|
| 0111 | 673 |

In this case the evidence shows that E. H. Dickson, the administrator, sold a crop of cotton in 1859, belonging to the estate he represented, and placed the proceeds thereof in the hands of his commission merchants, Hawkins & Norwood, of New Orleans; that he was an heir of the estate; that the other heirs were made aware of the fact, and made no objection thereto; that soon after the death of the administrator Hawkins & Norwood failed; that the heirs took no steps to get the proceeds of the sale of the cotton after the death of the administrator and before the failure of the commission merchants, Hawkins & Norwood.

Held—That under this state of facts the heirs could not recover from the estate of the administrator the amount of the proceeds of the sale of cotton belonging to the estate he represented which had been placed by him in the hands of the commission merchants, Hawkins & Norwood, who had subsequently failed, because the money was placed there with the knowledge of the heirs, who made no objection thereto, and because no misconduct on the part of the administrator was shown.

APPEAL from the Parish Court of Bossier. *Lewis*, Parish Judge. *Richard W. Turner*, for plaintiff and appellant. *Griffin & Snider*, for defendant and appellee.

LUDELING, C. J. This suit was brought to recover $14,324 99, on the ground that during the administration of the succession of E. H. Dickson, the administrator, D. F. Dickson, sold a crop of cotton belonging to the succession without authority of law, and that he left and placed the proceeds thereof in the hands of Hawkins & Norwood, commission merchants of New Orleans, until the said firm failed.

The succession of E. H. Dickson was opened in the spring of 1859, and David F. Dickson was appointed administrator thereof. The property of the succession inventoried was appraised at $95,350 75. No cotton appears to have been inventoried. The evidence in the record shows that on the tenth of April, 1860, Hawkins & Norwood, commission merchants of New Orleans, had to the credit of the estate of E. H. Dickson, $1604 71, and on the fifth of June, 1860, the proceeds of cotton sold by J. F. Wyche & Co., amounting to $13,256 94, were transferred by them to Hawkins & Norwood, on the order of D. F. Dickson, administrator, and this sum was placed to the credit of E. H. Dickson in the books of the latter firm.

On the seventeenth of January, 1860, all the property inventoried was partitioned among the heirs, and in the month of August, 1861, David F. Dickson died, without having been discharged from the administration.

It is proved that there was no bank in Bossier parish receiving deposits, and none in New Orleans which paid interest on deposits from 1859 to the period when D. F. Dickson died.

It does not clearly appear whether the cotton sold had been shipped by E. H. Dickson or David F. Dickson, her administrator. But it does appear that Hawkins & Norwood had been the factors of E. H. Dickson during her life; that she was in the habit of leaving her money

with them, and that the firm was in good standing. It further appears that D. F. Dickson was an heir of E. H. Dickson, and that his brothers, M. H. Dickson and J. W. Dickson, the one of age and the other emancipated, were present in the parish of Bossier, and that when the partition of the property was made in January, 1860, the father and tutor of the children of a deceased daughter of Mrs. E. H. Dickson was told by the administrator, D. F. Dickson, that there was a large amount of money belonging to the estate in the hands of Hawkins & Norwood. This is. proved by the tutor, Simpson Newport, himself, and he further states that Hawkins & Norwood told him they would pay him the portion belonging to his wards if he would get the proper authority. Thus it appears that all the parties interested, personally or through their legal representatives, knew that he had this money in the hands of Hawkins & Norwood, and they consented to let it remain there, at least by their acquiescence, and after his death, in 1861, they neglected to attend to their interests or to have his succession opened until after the close of the late rebellion. Every administrator is. bound to take care of the property intrusted to him as a prudent person, and to render an account of the fruits and revenues of the property, and he is responsible for damages occasioned by his misconduct. C. 1147.

The record discloses no misconduct on the part of the administrator. He discharged all the debts of the succession, having paid the last of them on the twenty-sixth of July, 1861, a few weeks before his death·

We think the evidence does not justify us in giving judgment on the reconventional demand.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed, with costs of appeal.